IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RODERICK JOHNSON, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:19-CV-051-O |
| § | (NO. 4:15-CR-192-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Roderick Johnson under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:15-CR-192-O, and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On August 12, 2015, movant was named in a one count indictment charging him with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 3. On December 1, 2015, he was named in a one count superseding indictment (correcting the description of the firearm) charging him with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). CR Doc. 47. Movant was tried by a jury and convicted. CR Doc. 71. He was sentenced to a term of imprisonment of 120 months.[2] CR Doc. 83. Movant appealed. CR Doc. 85.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-192-O.

[2] Although the Court later amended the judgment to correct a clerical error, CR Docs. 100, 101, the amendment is

On April 6, 2017, the United States Court of Appeals for the Fifth Circuit affirmed the sentence and conviction. *United States v. Johnson*, 684 F. App'x 440 (5th Cir. 2017). Movant did not file a petition for writ of certiorari.

## II. GROUNDS OF THE MOTION

As best the Court can tell, movant urges that his judgment must be set aside and vacated because the Court lacked jurisdiction. He appears to contend that the evidence against him was false.

## III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, movant's conviction and sentence became final on July 5, 2017, after the 90-day period for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file his § 2255 motion until January 8, 2019.

---

not pertinent to the timeliness of movant's motion. *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (discussing 18 U.S.C. § 3582(b)).

Movant does not urge that equitable tolling should apply and it does not appear that it should. The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Movant mentions that his attorney did not notify him of the Fifth Circuit's opinion. Doc.[3] 1 at 5. He does not contend that his attorney actively deceived him in any way. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)(mere attorney error or neglect is not an extraordinary circumstance that justifies equitable tolling; active deception might be). The motion does not reflect any steps movant took to diligently pursue his rights. In a document filed June 17, 2019, movant says that he learned on July 24, 2018, from the Fifth Circuit that his judgment had been affirmed. Doc. 11 at 3. He offers no explanation why he did not inquire sooner of the Fifth Circuit about the status of his case or why he waited another six months after learning of the affirmance before filing the present motion. Based on the limited information provided by movant, the court cannot find that he was diligently pursuing his rights and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

## IV.  MERITS OF THE MOTION

If the Court is mistaken and movant should be allowed to pursue his late-filed motion, he has not shown that he is entitled to relief. Although the argument is extremely convoluted, movant appears to contend that the evidence does not support his conviction. He refers to the victim having "lied due to being angry with [movant]." Doc. 1 at PageID[4] 12. The offense conduct is described in the presentence report ("PSR"). CR Doc. 72, ¶¶ 11–21. As explained in the government's objections to the PSR, CR Doc. 73, and in the addendum to the PSR, the victim later recanted her statement that movant had sexually assaulted her and the state grand jury no-billed the indictment on that charge. CR Doc. 76. The probation officer was satisfied that a sexual assault had occurred and that the guideline calculation originally prepared should be applied. *Id.* At sentencing, the Court accepted the government's objection and gave movant the benefit of a lower guideline range. CR Doc. 93 at 3. Movant also contends that he cannot have been guilty because there were "no finger prints of [movant] found on the gun" and it was not in his care, custody, or control. Doc. 1 at PageID 16. Movant admitted that he "always had a gun with him." CR Doc. 72, ¶ 19. His attorney clarified that he went to trial because movant did not agree that the firearm had travelled in interstate commerce. *Id.* ¶ 27. Movant was tried and convicted by a jury. He has not shown that the Court lacked jurisdiction or that there was any infirmity whatsoever in his conviction.

## V.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

---

[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the reference is to a document attached to the § 2255 motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 6th day of January, 2021.

                                                      _____
                                                      Reed O'Connor
                                                      **UNITED STATES DISTRICT JUDGE**